UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEREMY SIMMONS | CIVIL ACTION |
| VERSUS | NO. 17-6365 |
| UNITED STATES OF AMERICA | SECTION "R" (2) |

### ORDER AND REASONS

Before the Court is defendant's motion to stay proceedings and administratively close the case.[1] For the following reasons, the motion is denied. As further explained below, the Court continues trial to allow more time for the parties to conduct discovery.

## I. BACKGROUND

This personal injury case arises from a collision involving a bus and a United States Postal Service vehicle on April 1, 2016.[2] On June 30, 2017, plaintiff Jeremy Simmons, a passenger on the bus, filed suit against the United States pursuant to the Federal Tort Claims Act.[3] Plaintiff alleges he was injured in the accident and that the postal truck driver's negligent acts caused the collision.[4] On November 16, 2017, the Court issued a scheduling

---

[1] R. Doc. 16.
[2] R. Doc. 1 at 2 ¶ 7.
[3] *Id.* at 1 ¶ 1.
[4] *Id.* at 3 ¶ 9.

order directing all discovery to be completed by June 19, 2018, and setting a trial date of August 13, 2018.[5]

On April 5, 2018, plaintiff pleaded guilty to four charges in the Criminal District Court of Orleans Parish.[6] As a result, plaintiff may be imprisoned for up to five years.[7] On April 12, 2018, defendant issued a notice of deposition to plaintiff scheduling a deposition for May 15, 2018.[8] Defendant also scheduled an independent medical examination (IME) of plaintiff for May 16, 2018.[9] Defendant was first made aware of plaintiff's incarceration when plaintiff failed to appear for his May 15 deposition. On May 18, 2018, defendant moved to stay or administratively close this case "until such time that plaintiff has been released from the custody of the Louisiana Department of Public Safety and Corrections."[10] In its reply memorandum, defendant attempts to slightly amend this motion. Defendant now asks the Court to stay the proceedings until plaintiff is released from custody or "arrives at a permanent State correctional facility."[11] Plaintiff opposes the motion.

---

[5] R. Doc. 11.
[6] R. Doc. 16-5.
[7] *Id.*
[8] R. Doc. 16-1 at 2.
[9] *Id.* at 2-3.
[10] R. Doc. 16 at 2.
[11] R. Doc. 21 at 3.

## II. DISCUSSION

A court's authority includes the "general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982); *Whitfield v. Riley*, No. 09-1877, 2009 WL 1269243, at *1 (E.D. La. May 6, 2009). But this authority is not unbounded, and its proper use "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). The movant for a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255.

The Court finds that a stay is unwarranted. Defendant's sole argument in support of its motion is that it will be "difficult" to depose plaintiff or conduct plaintiff's IME until he is released from prison or transferred to a permanent state correctional facility.[12] By asking the Court to stay proceedings until plaintiff is transferred to a permanent correctional facility, defendant concedes it is not impossible to depose plaintiff or conduct his IME while he is incarcerated. A constraint merely making discovery more

---

[12] R. Doc. 21 at 2.

difficult is not the type of hardship that will tip the scales in favor of a stay. This is especially true when it is not evident the constraint will lead to any unfair prejudice to the moving party if the litigation were to continue. *See, e.g.*, *Wedgeworth*, 706 F.2d at 545 (temporary discovery limitations imposed by a bankruptcy court on defendants did not warrant a stay in separate trial when "no showing was made reflecting prejudice" from the temporary limitations).

Here, it appears that defendant could be far more prejudiced if the stay is *granted*. Defendant notes that "plaintiff's medical condition is in controversy."[13] It is presumably imperative for defendant to conduct a timely deposition and IME of plaintiff in order to gather evidence that will be useful at trial. *See Modern Am. Recycling Servs., Inc. v. Dunavant*, No. 10-3153, 2012 WL 1357720, at *4 (E.D. La. Apr. 19, 2012) (in denying motion to stay, noting that granting stay could lead to difficulties in discovery because "memories of witnesses fade and documents and other evidence can be lost or destroyed"); *see also Regenbogen v. United States*, No. 14-1494, 2015 WL 7296597, at *7 (E.D. La. Nov. 18, 2015) (in a personal injury suit, plaintiff's untimely petition for damages prejudiced defendant because defendant was precluded from conducting a pre-surgery IME of plaintiff). Plaintiff is

---

[13] R. Doc. 16-1 at 2.

currently serving four concurrently running sentences that may keep him imprisoned for up to five years,[14] and defendant concedes it is not certain when plaintiff will be transferred to a permanent correctional facility.[15] Because plaintiff's medical condition will change as time passes, defendant clearly has an interest in conducting a medical examination soon so that it provides information relevant at trial. Defendant has therefore failed to "make out a clear case of hardship or inequity" justifying a stay. *Landis*, 299 U.S. at 255.

The Court acknowledges, however, that plaintiff's incarceration significantly complicates scheduling plaintiff's deposition and IME, and that the current trial date of August 13, 2018 is impractical under the circumstances. Accordingly, the Court continues trial and all pretrial deadlines.

## III. CONCLUSION

For the foregoing reasons, the motion to stay proceedings and administratively close the case is DENIED.

---

[14] R. Doc. 16-5.
[15] R. Doc. 21 at 2.

IT IS ORDERED that the pretrial deadlines and trial are hereby continued. A preliminary conference will be held by BY TELEPHONE on July 19, 2018 at 10:00 a.m. for the purpose of scheduling the pre-trial conference and trial on the merits, and for a discussion of the status of the case and discovery deadlines. The Court will initiate the telephone conference call and will be represented at the conference by its Case Manager.

New Orleans, Louisiana, this __15th__ day of June, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE